IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Plaintiff, |
| v. |
| MOUNTAIRE FARMS OF NORTH CAROLINA CORP., |
| Defendant. |

CIVIL ACTION NO. 7:09CV00147

**COMPLAINT**

**JURY TRIAL DEMAND**

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of retaliation, and to provide appropriate relief to Carrie Nelson ("Nelson") who was adversely affected by such practices. Specifically, the Equal Employment Opportunity Commission contends that Defendant Mountaire Farms of North Carolina Corp. ("Defendant") gave Nelson a negative performance evaluation in retaliation for her complaints about racial discrimination and discharged Nelson in retaliation for her complaints about racial discrimination and because she filed a charge of discrimination with the Commission.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343, and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII, and is expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Mountaire Farms of North Carolina Corp. has continuously been a Delaware corporation doing business in the State of North Carolina and the City of Lumber Bridge, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Mountaire Farms of North Carolina Corp. has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Carrie Nelson filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Beginning around August 31, 2007 and continuing until around November 2, 2007, Defendant engaged in unlawful employment practices at its facility in Lumber Bridge, North Carolina, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it retaliated against Carrie Nelson for her opposition to practices made unlawful by Title VII, specifically her complaints about what she reasonably perceived to be race harassment and/or race discrimination. Specifically, around May 25, 2007 and again around July 3, 2007, Nelson complained to Defendant that several comments made by her supervisor, the Director of Human

Resources at the Lumber Bridge facility, were racially offensive.  The comments included a reference to Nelson, who is black, as a "monkey" by the Director of Human Resources, who is white.  Nelson also complained about the Director of Human Resources commenting about how black people hold their funerals; referring to himself as an "ole redneck," and making a negative comment about Hispanic workers.  Thereafter, on or about August 31, 2007, Nelson received an unjustifiably negative performance evaluation which rated Nelson as "below expectations."  The performance evaluation was prepared and delivered by the Director of Human Resources who was aware of Nelson's complaints about him.  Moreover, one or more of Defendant's other management officials who were aware of Nelson's complaints, directed the Director of Human Resources to give Nelson the performance evaluation.

8.	On or about November 2, 2007, Defendant engaged in an unlawful employment practice at its facility in Lumber Bridge, North Carolina, in violation of Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), when it retaliated against Carrie Nelson for her participation in a proceeding under Title VII by filing a charge of discrimination with the Commission. Specifically, on or about October 19, 2007, Nelson filed a charge of discrimination with the Commission.  The Commission notified Defendant of Nelson's charge of discrimination on or about October 29, 2007.  Approximately four days later, on or about November 2, 2007, Defendant discharged Nelson because she complained about race harassment and/or discrimination, and/or because she filed a charge of discrimination with the Commission.

9.	The effect of the practices complained of above has been to deprive Carrie Nelson of equal employment opportunities and otherwise adversely affect her status as an employee because of her opposition to practices made unlawful by Title VII and her participation in filing a charge of discrimination with the Commission.

10. The unlawful employment practices complained of above were intentional.

11. The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Nelson.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, agents, servants, employees, attorneys, successors, assigns, and all persons in active concert or participation with them, from engaging in discrimination by retaliating against current, future or former employees who have opposed practices made unlawful by Title VII, who have participated in a proceeding under Title VII by filing a charge of discrimination with the Commission, or who have otherwise engaged in protected activity under Title VII.

B. Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees who oppose, or who have opposed unlawful discriminatory employment practices, or who have participated in a proceeding under Title VII, or have otherwise engaged in protected activity, and which eradicate the effects of their past and present unlawful employment practices.

C. Order Defendant to make Nelson whole by providing appropriate back pay and benefits with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices described above, including but not limited to reinstatement or front pay.

D. Order Defendant to make whole Nelson by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

E. Order Defendant to make whole Nelson by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of above, including but not limited to emotional pain, suffering, inconvenience, humiliation, loss of enjoyment of life, loss of civil rights and other non-pecuniary losses, in amounts to be determined at trial.

F. Order Defendant to pay Nelson punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 16th day of September, 2009.

Respectfully submitted,

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

131 M. Street NE
Room 4NE25N
Washington, DC 20507-001

/s/ Lynette A. Barnes
LYNETTE A. BARNES
N.C. Bar No. 19732
Regional Attorney
Charlotte District Office
129 W. Trade Street, Suite 400
Charlotte, N.C. 28202

TRACY SPICER
Supervisory Trial Attorney
Washington Field Office
131 M. Street NE
4th Floor, Suite 4NW02F
Washington DC 20507

/s/ Zoë G. Mahood
ZOË G. MAHOOD
N.C. Bar No. 21722
Senior Trial Attorney
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608-2129
Telephone:   919.856.4080
Facsimile:    919.856.4156
Zoe.mahood@eeoc.gov

ATTORNEYS FOR PLAINTIFF